### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONNA MAE KOETJE,

      Petitioner,                  CASE NO. 05-CV-70660-DT

v.                              HONORABLE GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Donna Mae Koetje, ("Petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed by attorney Marla R. McCowan, petitioner challenges her conviction for first-degree murder, M.C.L.A. 750.316; and conspiracy to commit first-degree murder, M.C.L.A. 750.157a. For the reasons stated below, the petition is **DENIED.**

### I. Background

Petitioner was convicted of the above charges following a jury trial in the Kent County Circuit Court with her co-defendants Jay Dolfin and Lloyd Riddle. A detailed statement of the facts in this case has been provided by petitioner's counsel in the petition for writ of habeas corpus, by respondent in the answer to the petition, and by the Michigan Court of Appeals in their opinion affirming

petitioner's conviction.  Because the facts of this case have been repeated

numerous times, they need not be repeated here in their entirety.  Therefore, only

a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp.

844, 847 (E.D. Mich. 1997).

Petitioner's conviction arose out of the fatal shooting of her husband,

Gerald Koetje, at their home in Byron Township, Michigan on October 28, 1999.

The evidence at trial established that petitioner had conspired with her brother,

Jay Dolfin, and her brother's friend, Lloyd Riddle, to kill petitioner's husband.

Petitioner's conviction was affirmed. *People v. Koetje,* No. 234454

(Mich.Ct.App. April 29, 2003)*; lv. den.* 469 Mich. 970 (2003).  Petitioner now

seeks habeas relief on the following ground:

Petitioner was denied the effective assistance of trial counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas
cases:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the merits
in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2)    resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner contends that she was deprived of the effective assistance of trial counsel. To prevail on her ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that counsel was ineffective for failing to move to

3

suppress evidence that the police discovered during a search of the Koetje home.  Petitioner had called the police on her cellular telephone on the morning of October 28, 1999 to report a suspicious situation at her home.  When police officers arrived, they entered the home and found the victim dead inside with a gunshot wound to the head.  The police came outside and informed petitioner that her husband had "passed away" and that they were treating the home as a "crime scene."  However, the police did not specifically inform petitioner that her husband had been murdered.  Police obtained petitioner's consent to search her house.  Petitioner contends that her consent was not knowingly and intelligently made, because the police did not inform her that her husband had been murdered.

"[T]he question of whether a consent to search is voluntary and knowing is a question of fact to be determined from the totality of all the circumstances." *United States v. Abdullah*, 162 F. 3d 897, 902 (6th Cir.1998).  In evaluating the totality of the circumstances, a court should consider several factors such as "the age, intelligence, and education of the individual; whether the individual understands the right to refuse to consent; and whether the individual understands his or her constitutional rights." *United States v. Ivy*, 165 F. 3d 397, 402 (6th Cir. 1998).  A court should also "consider the details of the detention, including the length and nature of detention; the use of coercive or punishing conduct by the police, and indications of 'more subtle forms of coercion that

4

might flaw [an individual's] judgment.'" *Id.* (*quoting United States v. Watson*, 423 U.S. 411, 424 (1976). No single factor is dispositive in the court's analysis. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).

In rejecting this claim, the Michigan Court of Appeals noted that there was no evidence that the police used coercion or duress to obtain petitioner's consent. Petitioner was made aware that the victim was dead and that the police were treating the home as a crime scene. The Michigan Court of Appeals rejected petitioner's claim that the failure of the police to inform petitioner that her husband had been shot rendered her consent to the search invalid. *Koetje,* Slip. Op. at * 4.

The mere failure by the police to tell a suspect about the full scope of their investigation does not invalidate that suspect's consent to a warrantless search. *See United States v. Davis,* 749 F. 2d 292, 294-95 (5th Cir. 1985). Likewise, police officers' failure to fully inform the occupants of a home about the nature of the officers' business does not render a defendant's consent involuntary. *See United States v. Acosta,* 965 F. 2d 1248, 1253-54 (3rd Cir. 1992). A defendant's consent to search is not rendered involuntary by virtue of the fact that he was not informed that he was the sole suspect to the crime. *See Tukes v. Dugger,* 911 F. 2d 508, 516 (11th Cir. 1990). The fact that the occupant is not informed that an obvious crime has taken place does not render his consent to search involuntary either. *See United States v. Solis,* 299 F. 3d 420, 438 (5th Cir. 2002).

5

Because petitioner's consent was valid, counsel was not ineffective for failing to bring a motion to suppress the search on that basis. *See United States v. Quintero-Barraza,* 78 F. 3d 1344, 1348-49 (9th Cir. 1995). Moreover, as noted by the Michigan Court of Appeals, if petitioner had refused consent, the police would most likely have obtained a warrant to search. The "inevitable discovery" doctrine provides that evidence found in an unlawful search may be admitted if the government can show that the evidence inevitably would have been discovered by lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984); *United States v. Kennedy*, 61 F. 3d 494 (6th Cir. 1995). Because the "inevitable discovery exception" to the exclusionary rule would apply in this case, petitioner suffered no prejudice from counsel's failure to file a motion to suppress and thus, his ineffective assistance of counsel claim fails. *See Jefferson v. Fountain,* 382 F. 3d 1286, 1297 (11th Cir. 2004).

Petitioner next contends that counsel was ineffective for failing to move to suppress various statements which she made to the police. Petitioner contends that she was unable to voluntarily waive her constitutional rights, because of her use of pain medication and anti-depressants, and because of her subsequent placement in a prison psychiatric hospital following her conviction for an unspecified mental illness.

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475

6

(1966).  Coercive police activity is a necessary predicate to finding that a defendant's waiver of his *Miranda* rights was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986).  A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Id.* at 164-65.  "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Connelly*, 479 U.S. at 165.  Moreover, "[T]he fact that a suspect is under the influence of drugs or medication is irrelevant if the suspect's statement was 'the product of a rational intellect and a free will.'" *Shackleford v. Hubbard,* 234 F. 3d 1072, 1080 (9th Cir. 2000)(citing *Mincey v. Arizona,* 437 U.S. 385, 398 (1978)(internal quotation omitted).

In the present case, petitioner has made no allegations or presented any evidence to establish that any of the police interrogations were coercive or that the police knowingly exploited her alleged mental or physical condition to obtain a confession.  Indeed, as the Michgan Court of Appeals noted, petitioner's initial statements to the police were made when she was not in police custody. Petitioner has not shown a reasonable probability that had her counsel filed a motion to suppress her statements based on her alleged mental illness and use of pain medications and anti-depressants that the trial court would have found the waiver of her *Miranda* rights to be involuntary, thus, she has failed to show that she was prejudiced by counsel's failure to file a motion to suppress her

7

statements. *Shackleford,* 234 F. 3d at 1080.

As a related claim, petitioner contends that trial counsel should have moved to suppress the statements that she had made to the police as being more prejudicial than probative.  In this case, it is merely speculative to conclude that the trial court would have excluded petitioner's statements to the police pursuant to M.R.E. 403 had such an objection been made.  However, speculation as to what a trial court would have done if presented with a motion to exclude evidence as being more prejudicial than probative "[i]s not equivalent to a showing of prejudice sufficient to undermine confidence in the outcome of the trial." *Garrett v. United States,* 78 F. 3d 1296, 1302 (8th Cir. 1996).  Moreover, because of the overwhelming evidence in this case, petitioner was not prejudiced by counsel's failure to object to the admission of this evidence on the ground that it was more prejudicial than probative. *Id.*

Petitioner next claims that counsel failed to "adequately, competently, and vigorously defend" her at trial.

Petitioner first contends that counsel was ineffective for failing to object to the prosecutor's choice to admit only 133 pages of the nearly 5000 e-mail messages that had been sent between petitioner and the co-defendants. Petitioner has failed to show any prejudice from counsel's failure to demand that all of the e-mail messages be admitted into evidence, because she has failed to show that the deleted e-mail messages contained exculpatory material. *See*

8

*Argencourt v. United States,* 78 F. 3d 14, 17 (1st Cir. 1996).

Petitioner next contends that counsel failed to seek an interlocutory appeal from the trial court's denial of her motion to quash the information.  Petitioner does not indicate how the bindover in this case was somehow defective.  In any event, defense counsel's conduct in failing to file an interlocutory appeal was not deficient, as the decision whether to file such an appeal required a judgment call on the part of defense counsel and appeals courts rarely grant motions for leave to file an interlocutory appeal. *See Douglas v. Hendricks,* 236 F. Supp. 2d 412, 431 (D.N.J. 2002).

Petitioner next contends that counsel was ineffective for failing to challenge the randomness of the jury selection procedure.  The Michigan Court of Appeals rejected this claim, noting that petitioner had failed to provide any explanation on how the jury selection procedure in this case violated Michigan law. *Koetje,* Slip. Op. at * 7.  Because there was no showing of any impropriety in the jury selection process, trial counsel was not ineffective for failing to object to the method employed by the trial court. *See Lewis v. Bennett,* 328 F. Supp. 2d 396, 409-10 (W.D.N.Y. 2004).

Petitioner next contends that counsel was ineffective for failing to object to the introduction of "other acts" evidence under M.R.E. 404(b), including petitioner's prior attempts to poison her husband with Viagra and nitroglycerin, as well as her extramarital affairs.  The Michigan Court of Appeals rejected this

9

claim, finding that such evidence was admissible pursuant to M.R.E. 404(b).

*Koetje,* Slip. Op. at * 8.  Because the Michigan Court of Appeals determined that

such "other acts" evidence was admissible, counsel was not ineffective for failing

to object to its admission. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29

(E.D. Mich. 2002).

Petitioner next contends that counsel was ineffective for posing only one

question to co-defendant Dolfin when he testified at trial.  This claim fails,

because petitioner offers nothing other than speculation about whether counsel

was ineffective for failing to cross-examine Dolfin more extensively. *See United*

*States v. South,* 28 F. 3d 619, 630 (7th Cir. 1994).  Petitioner's claim fails

because she has not shown that Dolfin would have offered anything of value to

the defense had he been more extensively cross-examined. *See United States*

*v. Larsen,* 175 Fed. Appx. 236, 239-40 (10th Cir. 2006).

Petitioner next contends that counsel was ineffective for objecting to the

admission of her statements on the grounds that they were hearsay.  Because

petitioner does not explain how she was prejudiced by counsel's failure to state

the proper evidentiary basis for objecting to the admission of her statements, she

is not entitled to relief. *See Loose v. State,* 135 P. 3d 886, 890-91 (Utah. App.

2006).

Petitioner next alleges that counsel was ineffective for stipulating to the

qualifications of every expert witness called by the prosecution, but offers no

10

reasons as to why their qualifications were suspect.  Because there is nothing on

the record to establish that these experts were unqualified or that their testimony

was false, counsel was not ineffective for stipulating to their qualifications. *See*

*Saunders v. Cockrell,* 2002 WL 31156719, * 4 (N.D. Tex. September 24, 2002).

Petitioner next contends that counsel was ineffective for failing to call any

defense witnesses at trial, even though he submitted a list of character

witnesses prior to trial.  Petitioner does not indicate whether counsel should

have called these witnesses to testify or other unnamed witnesses.

To present an ineffective assistance of counsel claim based on a failure to

call a witness, a defendant must make an affirmative showing as to what the

missing evidence would have been and prove that the witness' testimony would

have produced a different result. *See Malcum v. Burt,* 276 Supp. 2d 664, 679

(E.D. Mich. 2003).  In this case, petitioner has failed to identify which witnesses

that his trial counsel should have called, nor has petitioner detailed what these

witnesses' testimony would have been.  Petitioner's vague and speculative

allegations that trial counsel was ineffective for failing to investigate or call

witnesses does not entitle her to habeas relief. *See Dell v. Straub,* 194 F. Supp.

2d 629, 650 (E.D. Mich. 2002).  To the extent that petitioner contends that

counsel should have called her character witnesses at trial, this claim fails,

because petitioner has failed to identify any prejudice that she suffered from this

omission. *See Dibble v. United States,* 103 Fed. Appx. 593, 596 (6th Cir. 2004).

11

Petitioner finally alleges that counsel was ineffective for suggesting to the jury during closing arguments that he did not have her testify because she would have had trouble keeping her story straight. The Michigan Court of Appeals rejected this claim, noting that counsel simply explained to the jury that petitioner did not take the stand because of her frail demeanor and disposition and that a skillful prosecutor could cause her to make what might seem like a misstatement out of strain, fear, or grief. Therefore, counsel's attempt to reduce any negative impact that might have been reflected in petitioner's failure to testify was not ineffective. *Koetje,* Slip. Op. at * 8.

Petitioner was not denied effective assistance of counsel by counsel's reference in closing argument to petitioner's failure to testify, where counsel merely attempted to explain petitioner's failure to testify and that such failure should not be held against her. *See United States v. Guerrero,* 938 F. 2d 725, 730-31 (7th Cir. 1991).

The Court will deny petitioner's claims. The Court will also deny petitioner's request for an evidentiary hearing. Entitlement to an evidentiary hearing based on a claim of ineffective assistance of counsel requires a showing by the petitioner that if his allegations were proven at the evidentiary hearing, deficient performance and prejudice on the part of counsel would be established. *Turner v. Calderon,* 281 F. 3d 851, 890 (9th Cir. 2002). A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of

12

counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *Ortiz v. Stewart,* 149 F. 3d 923, 934 (9th Cir. 1998); *See also Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003). Because petitioner's ineffective assistance of counsel claims are without merit, she is not entitled to an evidentiary hearing on these claims.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a

certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

Dated: August 15, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 15, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---